Filed 4/7/26  P. v. Hernandez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>REYES HERNANDEZ, JR.,<br><br>    Defendant and Appellant. | F089744<br><br>(Super. Ct. No. 2067361)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Valli K. Israels, Judge.

Ross Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Detjen, Acting P. J., Meehan, J. and Harrell, J.

Defendant Reyes Hernandez, Jr., appeals from an April 25, 2025 order of the Stanislaus County Superior Court denying his petition for expungement under Penal Code[1] section 1203.4. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm the order.

## BACKGROUND

On June 17, 2016, at approximately 8:00 p.m., Hernandez and several others arrived at the apartment of B.H. to drink beer and socialize. At approximately 2:30 a.m., Hernandez became very loud, obnoxious, and argumentative. B.H. asked Hernandez to quiet down because of the apartment complex's noise restriction policy after 10:00 p.m. Hernandez became more agitated and left. After 10 to 15 minutes elapsed, he returned to the apartment and yelled at B.H., who was sitting on the floor. Moments later, Hernandez ran toward B.H. and kicked him in the left side of the face. B.H.'s head hit the floor and he lost consciousness for around 10 to 15 seconds. When he awoke, he was disoriented and complained of a headache, face numbness, and neck pain.

Hernandez was charged with battery inflicting serious bodily injury (§ 243, subd. (d) [count 1]) and assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4) [count 2]). On January 25, 2017, Hernandez pled no contest to count 2. In exchange, count 1 was dismissed, Hernandez was ordered to serve 60 days in jail, and he was placed on felony probation for three years. As a term of probation, Hernandez was "ordered to obey all laws."

On February 28, 2019, Hernandez was charged with misdemeanor child endangerment (§ 273a, subd. (b)). On September 30, 2019, he admitted he violated the terms of his probation. In exchange, the charge was dismissed, Hernandez was ordered to serve an additional 60 days in jail, and his probation was extended to April 24, 2022.

---

[1] Subsequent statutory citations refer to the Penal Code.

On March 5, 2025, Hernandez filed a "PETITION FOR DISMISSAL AFTER SUCCESSFUL COMPLETION OF PROBATION" pursuant to section 1203.4, subdivision (a)(1). This provision reads in relevant part:

> "When a defendant has fulfilled the conditions of probation for the entire period of probation, . . . or in any other case in which a court, in its discretion and the interest of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if they are not then serving a sentence for an offense, on probation for an offense, or charged with the commission of an offense, be permitted by the court to withdraw their plea of guilty or plea of nolo contendere and enter a plea of not guilty; . . . and . . . the court shall thereupon dismiss the accusations or information against the defendant . . . ."

Hernandez asked the trial court to "withdraw his [January 25, 2017 no contest] plea" and "dismiss the accusation" on the grounds he (1) "successfully completed the terms of probation" "for the entire period of probation"; (2) "is not serving a sentence"; (3) "is not on probation"; and (4) "is not charged with any new offense."

On April 25, 2025, a hearing was held on Hernandez's petition. During the proceeding, the trial court highlighted Hernandez's September 30, 2019 admission of violating probation. The prosecutor added Hernandez (1) was arrested on January 3, 2021, "for corporal injury to a spouse or child's parents," though "that charge was dismissed by the People in September of 2021"; and (2) was convicted of misdemeanor domestic violence (§ 273.5, subd. (a)) on May 27, 2022, and placed on probation for three years in that case. The court denied the petition without prejudice.

## DISCUSSION

Hernandez's appellate counsel filed an opening brief that provides a "Statement of Case" and a "Statement of Facts" (boldface & some capitalization omitted); "raises no specific issues"; and requests an independent review of "the entire record to determine whether the record reveals any issues that would, if resolved favorably to the appellant, result in reversal or modification of the judgment." (See *Wende*, *supra*, 25 Cal.3d at

3.

pp. 441–442.)  The brief further declares Hernandez "is entitled to review of any issues he may subsequently raise in a pro per supplemental brief."  In a letter dated February 3, 2026, we invited Hernandez to submit said brief within 30 days.  To date, no additional briefing has been received.[2]

After an independent review of the record, we find no arguable error that would result in a disposition more favorable to Hernandez.

**DISPOSITION**

The order is affirmed.

---

[2] The February 3, 2026 letter was returned as "undeliverable as addressed" and "unable to forward."  Appellate counsel was contacted to determine whether Hernandez changed his address.  Appellate counsel indicated he "has had no further contact with [Hernandez]" and Hernandez's last known address on file remained the same.